UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFERY MICHAEL BOUDREAUX                    CIVIL ACTION

VERSUS                                       NO. 19-11807

TERREBONNE PARISH CRIMINAL                   SECTION "M" (2)
JUSTICE COMPLEX  ET AL.

## FINDINGS AND RECOMMENDATION

Plaintiff, Jeffery Michael Boudreaux, was a prisoner incarcerated in the Terrebonne Parish Criminal Justice Complex at the time he instituted the captioned suit pursuant to 42 U.S.C. § 1983. He alleged that he received inadequate medical care for respiratory problems, which he attributes to exposure to "black mold" in the Terrebonne jail. He named the jail, Warden Stephen Bergeron and Richard Neal of the jail medical staff as defendants. Plaintiff seeks monetary damages. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated August 9, 2019, Record Doc. No. 5, the court ordered plaintiff to file with the court on or before September 6, 2019 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of

each witness and a separate summary of the expected testimony of each witness. The record indicates that this order was mailed to plaintiff at the address listed on his complaint. This order was returned to the court as undeliverable, Record Doc. Nos. 7, 9–12, and no response from plaintiff has been received.

On August 15, 2019, staff of the Terrebonne jail advised the court that Boudreaux had been released from the Terrebonne jail and transported to the Assumption Parish jail on July 27, 2019. Record Doc. No. 8. Thus, by order dated September 12, 2019, Record Doc. No. 14, plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than October 11, 2019. This order was sent to the Assumption Parish jail. Record Doc. No. 14. This order was also returned to the court as undeliverable, Record Doc. No. 16, and no response from plaintiff has been received.

All mail addressed to plaintiff from the court has been returned to the Clerk's Office as undeliverable. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated July 18, 2019 and signed by plaintiff:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI (2).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas Cnty. Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. Cnty. of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris Cnty. Sheriff's Ofc., 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with the court's August 9 and September 12, 2019 orders and his failure to advise the court of his

whereabouts upon his release from incarceration clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain his current mailing address and a short summary of the reasons why he failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

- 4 -

with notice that such consequences will result from a failure to object.  Douglass v.
United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28
U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

IT IS RECOMMENDED that, if plaintiff does not file written objections to these
Findings and Recommendation, the claims of Jeffery Michael Boudreaux be dismissed
with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____21st_____ day of October, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY**
**PLAINTIFF AT**
**TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX**
**AND**
**ASSUMPTION PARISH JAIL**

---

[1]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective
December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.